UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEITH E. BERRY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:18-cv-01380-AGF |
| MO DEPT. SOCIAL SERVICES, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Keith E. Berry for leave to proceed in forma pauperis. (Docket No. 2). Having reviewed the application and the financial information submitted in support, the Court finds that plaintiff is financially unable to pay the filing fee. Therefore, plaintiff will be granted leave to proceed in format pauperis pursuant to 28 U.S.C. § 1915(a). Additionally, for the reasons discussed below, the Court will order plaintiff to show cause why his action should not be dismissed.

## The Complaint

Plaintiff is a citizen of the State of Washington. (Docket No. 1 at 3). He brings this pro se civil action against defendant Missouri Department of Social Services. (Docket No. 1 at 2). He is asserting federal question jurisdiction, and alleges that the basis of said jurisdiction is the Fourth Amendment's protection against unreasonable search and seizure, as well as the Fourteenth Amendment's Due Process and Equal Protection Clauses. (Docket No. 1 at 3). Plaintiff also lists "no Jurisdiction" as a basis for federal court jurisdiction, which appears to be a reference to the state-court judgments at issue in this case.

The truncated and conclusory nature of plaintiff's "Statement of Claim" makes it difficult to ascertain the exact nature of his claims. Nevertheless, it appears that he is complaining about garnishment of his wages in relation to a child support case.

Plaintiff claims that on March 28, 2008, defendant Department of Social Services placed a judgement on him in Missouri Circuit Court. (Docket No. 1 at 5). Due to this, plaintiff asserts that he "lost wages." He alleges that the Department of Social Services failed "to go [through] the proper channel."

Plaintiff states that he has been living in the State of Washington for the last twenty years. He claims that he has not been properly served and that paternity has not been determined through a DNA test or a "wet signature" on the birth certificate. He states that the only document he has received in the four years since the garnishment started was a judgement from both parties. He complains that he has requested documents from both parties but has not been successful. He further alleges that when he contacted the "Customer Relations Unit" they "openly lied" to him.

Plaintiff seeks $50,000 in punitive damages for "their negligence" and for deliberately withholding information. He also wants the garnishment of his wages to stop immediately.

**Discussion**

Plaintiff brings this civil action against defendant Missouri Department of Social Services. The basis of his complaint appears to be the garnishing of his wages, stemming from a child support action. For the reasons discussed below, plaintiff will be ordered to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant

thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Plaintiff's complaint, however, fails to establish this Court's jurisdiction under either basis.

A. **Federal Question Jurisdiction**

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, 843 F.3d 325, 329 (8th Cir.

2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

Plaintiff's complaint has been completed on a Court-provided civil complaint form. There is a section in the form in which plaintiff is directed to provide the basis for federal question jurisdiction. (Docket No. 1 at 3). In this section, plaintiff lists the following: "no Jurisdiction"; "4th Amend. unreasonable search [and] seizures"; and "14th Amend. Due Process [and] Equal Protection."

Clearly, plaintiff is asserting that his action arises under the Constitution. However, in his "Statement of Claim," plaintiff neglects to allege any facts demonstrating the violation of these constitutional rights. While he accuses defendant of failing "to go [through] the proper channel," this vague statement does not implicate any of the constitutional safeguards he has listed. There is no indication of any search or seizure taking place. There is no mention of any violations of due process or equal protection. Moreover, he is not suing under any federal statute, such as 42 U.S.C. § 1983, which might support federal-question jurisdiction pursuant to 28 U.S.C. § 1331. As such, plaintiff has not established the existence of federal question jurisdiction, and will be ordered to show cause why this action should not be dismissed.

**B. Diversity Jurisdiction**

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id. See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

As to diversity of the parties, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention to remain there. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Plaintiff has properly alleged the diversity of the parties. He states that he is a citizen of the State of Washington, while defendant Missouri Department of Social Services is a citizen of the State of Missouri. (Docket No. 1 at 3-4). He has not, however, alleged the jurisdictional amount. Specifically, he is seeking $50,000 in punitive damages, which is below the threshold amount of $75,000.

Moreover, plaintiff cannot establish diversity jurisdiction because his case falls within the domestic relations exception to federal jurisdiction. The domestic relations exception "divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994). Furthermore, when a cause of action is closely related to an action for divorce, alimony, or child custody, federal courts generally abstain from exercising jurisdiction. *Id*. To that end, child support obligations are clearly within the realm of the domestic relations exception. *See Lannan v. Maul*, 979 F.2d 627, 631 (8th Cir. 1992). As best the Court can tell, plaintiff's claim stems from the garnishment of his wages pursuant to a child support decree. This type of action falls within the ambit of the domestic relations exception, divesting this Court of jurisdiction. Therefore, plaintiff has not established diversity jurisdiction and will be ordered to show cause why this action should not be dismissed.

**Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). *See also Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of

the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED at this time**.

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and **no later than thirty (30) days from the date of this Order**, why plaintiff's complaint should not be dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that if plaintiff fails to respond to this Memorandum and Order, his complaint will be dismissed without prejudice.

Dated this 2nd day of January, 2019.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE